IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIANO OLEA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>WARDEN SALINAS VALLEY STATE PRISON,<br><br>　　　　　Respondent. | No. C 12-0148 LHK (PR)<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING<br><br>(Docket No. 33) |

　　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for an evidentiary hearing. At this time, the petition for writ of habeas corpus is fully briefed and submitted for the court's consideration.

　　　　Under the AEDPA, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. In making this determination, the district court must consider whether a petitioner's factual allegations would, if true, entitle him to relief under AEDPA's deferential standards. *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

　　　　The AEDPA prescribes the manner in which federal courts must approach the factual record and "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). Evidentiary hearings associated with federal habeas proceedings deciding state prisoner's constitutional claims are prohibited unless

Order Denying Motion to Appoint Counsel
G:\PRO-SE\LHK\HC.12\Olea148evhrg.wpd

the "stringent requirements" of 28 U.S.C. § 2254(e)(2) are satisfied. *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400-01 ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing."). "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen*, 131 S.Ct. at 1400. If a claim subject to 28 U.S.C. § 2254(d)(1) "does not satisfy that statutory requirement, it is "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim." *Id.* (quoting *Williams*, 529 U.S. at 444). At this time, the court has not yet determined whether any of petitioner's claims have satisfied the exacting standards the AEDPA requires prior to receiving an evidentiary hearing.

Accordingly, petitioner's motion for an evidentiary hearing is DENIED without prejudice to the court's *sua sponte* reconsideration should the developments of the case dictate.

This order terminates docket number 33.

IT IS SO ORDERED.

DATED: 12/3/13

LUCY H. KOH
United States District Judge