IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIANO OLEA,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>    Respondent. | No. C 12-0148 LHK (PR)<br><br>ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING; DENYING MOTION FOR RECONSIDERATION |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer and a supplemental answer. Petitioner has filed a traverse. A review of respondent's brief shows that respondent has not fully addressed all of petitioner's claims. For example, respondent does not address petitioner's subclaims that: (1) counsel was ineffective based on a financial conflict of interest; (2) counsel was ineffective for moving to withdraw as counsel; and (3) counsel was ineffective for failing to file a statement of mitigation.

Moreover, it appears that some of petitioner's claims may be unexhausted. For example, it does not appear that petitioner raised the following ineffective assistance of counsel subclaims in a petition to the California Supreme Court: (1) failure to apply for bail; (2) failure to move to suppress seized evidence; (3) committing fraud upon the Superior Court; and (4) moving to

withdraw as counsel.

Within **sixty days** of the filing date of this order, respondent shall review all the claims and subclaims raised in petitioner's federal petition and, if respondent believes a motion to dismiss for failure to exhaust is proper in this action, respondent shall file such a motion. Should respondent file such a motion, petitioner must file an opposition within **twenty-eight days** after such motion is filed. Respondent shall then file a reply **fourteen days** thereafter.

If respondent believes that a motion to dismiss for failure to exhaust is not proper or if respondent waives the exhaustion requirement, then respondent shall instead file a supplemental answer addressing the merits of all of petitioner's claims and subclaims within **sixty days** of the filing date of this order. Petitioner may file a supplemental traverse within **thirty days** thereafter.

The court notes that petitioner has made references to exhibits in his petition (docket no. 1), as well as exhibits in his "notice" (docket no. 5). However, the court has no record of receiving these exhibits for filing. Should plaintiff wish the court to consider these exhibits when considering the merits of petitioner's petition, petitioner is directed to file a copy of these exhibits no later than **sixty days** from the filing date of this order.

Petitioner has also filed a motion for reconsideration of the court's December 3, 2013 order denying petitioner's motion for an evidentiary hearing. As the court stated in its previous order, the court has not yet determined whether any of petitioner's claims has satisfied the standards that the AEDPA requires prior to receiving an evidentiary hearing. Once the case has been fully briefed, the court may reconsider the issue *sua sponte*. Petitioner's motion for reconsideration is DENIED without prejudice.

This order terminates docket number 36.

IT IS SO ORDERED.

DATED: 6/17/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Directing Parties to File Supplemental Briefing; Denying Motion for Reconsideration
P:\PRO-SE\LHK\HC.12\Olea148suppbrief.wpd
2